ANNA WILBUR ET UX. v. WALTER GOOD.

Decided April 11, 1925.

**Landlord and Tenant—Eviction by Owner—Dispute Regarding Terms and Nature of Lease—Evidence to Support Finding of Court Below in Favor of Plaintiffs' Contention—Verdict Not Excessive in View of Nature of Plaintiffs' Business and Time of Year, the Height of Boarding Season.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *William Elmer Brown, Jr.*

*Contra, Patrick H. Harding.*

PER CURIAM.

This action was brought by the plaintiffs to recover damages for their wrongful ejection by the defendant from a boarding-house in Atlantic City, of which he was the owner, and which the plaintiffs claim they held under a verbal lease from him, which had not expired at the time of their dispossession, and all of the terms of which has been complied with by them. The trial resulted in a verdict in favor of the plaintiffs, the amount of damages awarded being the sum of $1,500.

It appeared from the testimony that the defendant had placed the premises in question in the hands of a real estate

agent, one Mrs. Leyrer, to be leased, and that she negotiated a lease with a man named Cooper, who afterwards refused to enter into possession thereunder. The insistment of the defendant was that the plaintiffs held as under-tenants of this man Cooper, with his consent, and that the plaintiffs had defaulted in the payment of the rent at the times and in the amounts required by the terms of the Cooper lease. The claim of the plaintiffs has already been stated. The verdict of the jury, by necessary inference, included a finding that the plaintiffs held under a verbal lease from the defendant; that they were not in default thereunder, and that they had been wrongfully dispossessed by the defendant.

The first contention submitted in favor of making the present rule absolute is that the finding of the jury on the question just referred to was against the weight of the evidence. We think this contention is not justified by the proofs, and that, on the contrary, the weight of the evidence supports the conclusion that there was a verbal lease for the premises, as the plaintiffs aver, and that they were not in default thereunder.

The next contention is that the verdict was contrary to the charge of the court. We find nothing of merit in this point. The court left it to the jury to determine the primary facts, telling them that, if the plaintiffs were subtenants of Cooper, they could not recover. They found that this was not the fact, and that finding determined the very question left to them by the court.

Lastly, it is said that the verdict is excessive. We do not consider it so. The defendant brought the proceeding to dispossess early in July, 1921, with a result that on the 21st of that month the plaintiffs were ejected from the premises. The proofs show that the height of the season for boarding-houses in Atlantic City is the month of August. The plaintiffs were deprived of the benefits of that month's business. The proofs also show that at the time of the eviction there were forty-six guests in the plaintiffs' boarding-house, who were, all of them, put out upon the street, and there was evidence to support the conclusion that the profit to the plain-

tiffs per week for each guest was in the neighborhood of $6. On this basis the probable loss to the plaintiffs was something more than $250 per week up to the 1st of September then next, if their boarding-house continued to be as well patronized in August as it has been in July, and the lease at the time of their dispossession had several months yet to run.

We conclude that the rule to show cause should be discharged.